NO. 07-04-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2005
_____

ROBERT LEE OCANAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,903-B; HON. JOHN B. BOARD, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Robert Lee Ocanas appeals his conviction for conspiracy to commit murder. On February 7, 2005, and in response to a letter sent to the district judge and the trial court clerk, the clerk filed a request for an extension of time to file the clerk's record because she had "not received [from the trial court] the certification of defendant's right of appeal as of 2/4/05."

Applicable rule of procedure mandates that the trial court's certification of the defendant's right of appeal be included in the record, which certification may be added by amendment, supplement, or order of this court. TEX. R. APP. P. 25.2(d).

We, therefore, abate this appeal and remand the cause to the trial court and direct it to certify, through written order, whether appellant has the right of appeal. Furthermore, the trial court shall cause the written order manifesting its decision to be included in a supplemental clerk's record. If any hearing is held on the matter, it shall be transcribed, which transcription the trial court shall cause to be included in a supplemental reporter's record. So too is the trial court directed to cause both the supplemental clerk's and reporter's records to be filed with the Clerk of this Court on or before March 11, 2005. Should the trial court require more time to comply with the directions of this Court, it must request an extension prior to March 11, 2005.

Accordingly, the appeal is abated and the cause is remanded for further proceedings.


Per Curiam


Do not publish.


2